UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAL-AGREX, Inc., a California Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>DEE VAN TASSELL, JERRY GOODWIN, and DOES 1 through 20, inclusive,<br><br>        Defendants. | No. C-07-0964 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JERRY GOODWIN'S MOTION TO DISMISS CLAIMS 2, 3, AND 4 OF PLAINTIFF'S FIRST AMENDED COMPLAINT |

**I.   INTRODUCTION**

Before the Court is Defendant Jerry Goodwin's ("Goodwin") Motion to Dismiss Claims 2, 3, and 4 of Plaintiff's First Amended Complaint. See Mot., Docket No. 21. Plaintiff Cal-Agrex, Inc. ("Plaintiff" or "Cal-Agrex") opposed the motion, and Goodwin filed a reply. See Docket Nos. 25, 32.

For the reasons stated herein, the Court DENIES Goodwin's motion as to the Second and Fourth Claims, and GRANTS the motion as to the Third Claim.

**II.   FACTUAL BACKGROUND**

According to the First Amended Complaint, on December 23, 2004, Cal-Agrex entered into a written agreement to purchase 10,000 metric tons of non-fat dry milk powder ("NFDM") from Goodwin and Dee Van Tassell ("Van Tassell," together with Goodwin

referred to as "Defendants"). See First Am. Compl., Docket No. 16, ¶ 8; Ex. A ("Agreement"). The Agreement required Defendants to ship the first 3,000 metric tons of NFDM in January, 2005. Id., ¶ 9. The Agreement required Cal-Agrex to wire a deposit of $2,000,000 to the account of Van Tassell for the benefit of Van Tassell and Goodwin. Id., ¶ 10.

Between December 24, 2004 and January 13, 2005, Plaintiff initiated a series of wire transfers, depositing a total of $1,000,000 in Van Tassell's account. Id., ¶ 12. Sun Nan Lin deposited an additional $500,000 into Van Tassell's account.[1] Id. Plaintiff alleges that when it asked Defendants why it had not received a shipment of NFDM, Defendants acknowledged that they had not sent a shipment yet, and Defendants waived the remaining deposit required by the written agreement until the shipments began. Id., ¶ 13.

Finally, Plaintiff alleges that Defendants have refused to deliver any NFDM. Id., ¶ 16.

Plaintiff's Second Claim alleges that following the deposit of $1,000,000 into Van Tassell's account, Plaintiff still owned these funds, and that by refusing to return the funds to Plaintiff, Defendants unlawfully converted said funds. See id., ¶¶ 22-28. Plaintiff's Third Claim alleges that Defendants

---

[1] Neither party explains who Sun Nan Lin is, or why Lin purportedly gave Defendants $500,000 towards performance of Cal-Agrex's obligations under the contract. Although it appears that Lin signed the Agreement on behalf of Cal-Agrex, see Agreement, the parties distinguish the $500,000 Lin paid Defendants from the $1,000,000 that Cal-Agrex paid. The five claims in the First Amended Complaint focus only on the $1,000,000 that Cal-Agrex deposited.

2

promised to deliver NFDM to Plaintiff and personally guaranteed the return of Plaintiff's deposited funds if they failed to deliver, but that Defendants never intended to perform such promises. See id., ¶¶ 29-36. Plaintiff's Fourth Claim alleges that Defendants are indebted to Plaintiff in the sum of $1,000,000 for money had and received by Defendants for Plaintiff's benefit, and that Defendants refuse to pay Plaintiff that money. See id., ¶¶ 37-40.

**III. DISCUSSION**

    **A.  Second and Fourth Claims**

In the Second Claim, Cal-Agrex alleges conversion. In the Fourth, Cal-Agrex alleges money had and received. Upon review of the Complaint, the Court finds that Cal-Agrex's allegations are sufficient to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). The Court therefore DENIES Goodwin's motion to dismiss the Second and Fourth Claims.

However, the Court finds that the Second and Fourth Claims are redundant and unnecessary. Prevailing on these claims will require Cal-Agrex to prove the very same facts necessary for it to prevail on its claim for breach of contract — that Cal-Agrex gave Defendants $1,000,000 in exchange for NFDM, that Defendants did not deliver any NFDM, and that Defendants did not return the $1,000,000 to Cal-Agrex. Cal-Agrex will either prevail on all three claims, or on none, and the amount of any potential recovery will not be increased for having brought three claims as opposed to one. Therefore, pursuant to Federal Rule of Civil Procedure

12(f), the Court STRIKES the Second and Fourth Claims on its own initiative.[2]

### B. Third Claim

Under California law, the elements of a claim for fraud are: "(1) representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; and (5) reliance and resulting damage (causation)." Vega v. Jones, Day, Reavis & Pogue, 17 Cal. Rptr. 3d 26, 32 (Ct. App. 2004).[3] Goodwin asserts two deficiencies in Cal-Agrex's claim for fraud: first, Goodwin argues that Cal-Agrex failed to plead a false promise; second, he argues that Cal-Agrex did not plead the factual allegations of fraud with sufficient particularity.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court will grant a motion to dismiss if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, the court accepts the facts as stated by the nonmoving party and draws all inferences in its favor. See Everest & Jennings, Inc. v. Am.

---

[2] Rule 12(f) provides that upon motion of a party "or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

[3] Although Goodwin claims that Utah law governs the Agreement, he concedes that "there is no conflict of law with respect to the issues presented." Mot. at 4 n.5. The Court will therefore apply California law. See Paracor Fin., Inc. v. Gen. Elec., 96 F.3d 1151, 1164 (9th Cir. 1996)(the court applies the forum state's choice-of-law rules in determining applicable law); Wash. Mut. Bank v. Superior Court, 15 P.3d 1071, 1080-81 (Cal. 2001) (the party advocating application of a foreign state's law has the burden of showing a material difference between that state's law and California law).

4

1 Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994).
2 Furthermore, the court must assume that all general allegations
3 "embrace whatever specific facts might be necessary to support
4 them." Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521
5 (9th Cir. 1994).  At the pleading stage, the plaintiff "need only
6 show that the facts alleged, if proved, would confer standing upon
7 him."  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140
8 (9th Cir. 2003).

9 Cal-Agrex alleges that Defendants represented that they would
10 deliver NFDM or return the deposit if they did not deliver NFDM.
11 See First Am. Compl., ¶¶ 9, 11, 30.  Cal-Agrex further alleges
12 that Defendants did not deliver NFDM and did not return the
13 deposit, making that representation false.  See id., ¶¶ 13, 14.
14 Cal-Agrex alleges that at the time Defendants made this
15 representation, they had no intention of delivering NFDM or
16 returning the deposit, and therefore they knew the representation
17 was false.  Id., ¶ 31.  Cal-Agrex also alleges that Defendants
18 intended to induce Cal-Agrex to deposit cash with them.  Id., ¶
19 32.  Finally, Cal-Agrex alleges that it relied on Defendants'
20 representation and deposited $1,000,000 with Defendants, which
21 they did not return, damaging Plaintiff in the amount of
22 $1,000,000.  Treating all of these allegations as true, as the
23 Court must, Cal-Agrex has stated a claim for which relief may be
24 granted.

25 Goodwin asserts that because Cal-Agrex did not deliver the
26 originally agreed-upon deposit of $2,000,000, he has not broken a
27 promise, intentionally or otherwise.  See Mot., at 10-11.  This

28

5

argument has no merit. Cal-Agrex alleges that it performed its contractual obligations in full, as the contract was purportedly modified to reduce the amount of the deposit. None of the factual allegations necessary for Cal-Agrex's claim depends on its performance. If, as Cal-Agrex alleges, Defendants did not intend to deliver NFDM or return any monies deposited at the time the parties entered into the Agreement, Defendants' promises to do so could have been fraudulent regardless of Cal-Agrex's conduct. Goodwin's citation to La Cava v. Breedlove, 174 P.2d 880 (Cal. Ct. App. 1946), is unavailing. In that case, the court explicitly noted that the party alleging fraud did <u>not</u> allege or offer to prove that the other party had no intention of performing at the time the promise was made. See id. at 882.

Although the Third Claim is sufficient to satisfy Rule 12(b)(6), it does not meet the heightened pleading requirements of Rule 9(b). To satisfy Federal Rule of Civil Procedure 9(b), "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

Cal-Agrex alleges that both Van Tassell and Goodwin promised to deliver NFDM in exchange for money, and that both promised to

6

1  return Cal-Agrex's money in the event they did not deliver NFDM.
2  See First Am. Compl., ¶¶ 9, 11.  Cal-Agrex further alleges that
3  Van Tassell and Goodwin made this promise on or about December 23,
4  2004, by entering into the Agreement.  See id., ¶ 8; Ex. A.[4]
5  Thus, Cal-Agrex sufficiently alleges Defendants' promises to
6  deliver NFDM or return the deposit, including when and how those
7  promises were made.

8      The promise to deliver NFDM or return the money, however, was
9  conditioned on Cal-Agrex depositing $2,000,000 with Defendants.
10 Cal-Agrex alleges that after it made a partial deposit, Defendants
11 waived the remainder of the deposit requirement.  See id. ¶¶ 13,
12 30.  Plaintiff only says that this waiver occurred in January of
13 2005.  Plaintiff does not specify the date, which of the two
14 Defendants communicated the waiver to Plaintiff, or how they
15 communicated the waiver (i.e., by telephone, e-mail, etc.).  In
16 order for either Goodwin or Van Tassell to defend against this
17 charge, they must know exactly what actions and communications are
18 at issue.  To the extent that Cal-Agrex's claim for fraud relies
19 on its allegation that Defendants waived the deposit requirement,
20 the allegations of that waiver in the First Amended Complaint lack

---

[4] When considering a motion to dismiss, the court is generally limited to the allegations in the complaint, without extrinsic evidence.  See e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).  However, where another document is attached to the complaint, as it was here, the court may treat that document as part of the complaint and consider it when ruling on a motion to dismiss.  See id.; Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").  The Court therefore considers the Agreement between Cal-Agrex and Defendants as part of the First Amended Complaint.

1  the necessary specificity to satisfy Rule 9(b).

3  **IV.  CONCLUSION**

4       For the reasons described herein, the Court hereby GRANTS IN
5  PART and DENIES IN PART Defendant Jerry Goodwin's Motion to
6  Dismiss Claims 2, 3, and 4 of Plaintiff's First Amended Complaint,
7  and ORDERS as follows:
8       1.   The Second and Fourth Claims of the First Amended
9            Complaint are hereby STRICKEN.
10      2.   The Third Claim of the First Amended Complaint is hereby
11           DISMISSED WITHOUT PREJUDICE.  Cal-Agrex may file a
12           Second Amended Complaint to address the deficiencies
13           described above no later than 30 (thirty) days following
14           the date of this Order.

16      IT IS SO ORDERED.

18      Dated: September 7, 2007

                                    _____
                                    UNITED STATES DISTRICT JUDGE

8