UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAL-AGREX, Inc., a California Corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DEE VAN TASSELL, JERRY GOODWIN, and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | No. C-07-0964 SC<br><br>ORDER GRANTING DEFENDANT JERRY GOODWIN'S MOTION TO DISMISS DEFENDANT DEE VAN TASSELL'S CROSS-CLAIM |

**I.　INTRODUCTION**

Plaintiff Cal-Agrex, Inc. ("Cal-Agrex"), filed its Amended Complaint against Defendants Dee Van Tassell ("Van Tassell") and Jerry Goodwin ("Goodwin") on March 28, 2007. See Am. Compl., Docket No. 16. Van Tassell filed an Answer and Counterclaim on July 6, 2007, asserting a counterclaim against Cal-Agrex and a cross-claim against Goodwin. See Docket No. 38 ("Counterclaim"). Before the Court is Goodwin's Motion to Dismiss Van Tassell's Cross-Claim. See Docket No. 40. Van Tassell did not oppose the motion.

For the reasons stated herein, the Court GRANTS Goodwin's motion and DISMISSES Van Tassell's cross-claim without prejudice.

**II.　BACKGROUND**

The underlying facts of this case are described in detail in

1   the Court's recent Order Granting in Part and Denying in Part
2   Goodwin's Motion to Dismiss Claims 2, 3, and 4 of the First
3   Amended Complaint.  See Docket No. 43 ("First Order") 1-3.  The
4   Court assumes the parties' familiarity with those facts and
5   addresses here only the facts relevant to the cross-claim.

6   Cal-Agrex entered into a written agreement to purchase 10,000
7   metric tons of non-fat dry milk powder ("NFDM") from Goodwin and
8   Van Tassell.  See Am. Compl. ¶ 8; Ex. A ("Agreement").  Pursuant
9   to the Agreement, Cal-Agrex was to deposit $2,000,000 with Van
10  Tassell in December 2004, and in return Goodwin and Van Tassell
11  would commence monthly shipments of NFDM to Cal-Agrex beginning in
12  January 2005, totaling 10,000 metric tons of NFDM between January
13  and April of 2005.  Id. ¶¶ 9, 10.  Van Tassell admits that the
14  parties made the Agreement, and that Cal-Agrex deposited
15  $1,000,000 with him by a series of wire transfers in December 2004
16  and January 2005.  See Counterclaim ¶ 6.

17  Van Tassell alleges that after receiving the wire transfers
18  from Cal-Agrex, he wired $1,000,000 to LaBudde to purchase NFDM,
19  and $250,000 to the O Bar Cattle Company "pursuant to directives
20  by Goodwin" under the Agreement.[1]  See id. ¶¶ 7-9.  Van Tassell
21  further alleges that in January 2005, he entered into an oral
22  agreement with Cal-Agrex, pursuant to which he would purchase an
23  additional 3400 metric tons of NFDM from LaBudde on behalf of Cal-
24  Agrex, for which he would receive 2 1/2 cents per pound of NFDM
25  for the 10,000 metric tons included in the Agreement.  See id. ¶

---

[1] Neither LaBudde nor the O Bar Cattle Company is a party to this suit.

2

1  11.  Van Tassell states that this 2 1/2 cents per pound was "in
2  and above his 1/4 of profits he should've received on the original
3  transaction."  Id.  Van Tassell alleges that he purchased 3400
4  metric tons of NFDM from LaBudde and shipped it to Cal-Agrex.  Id.
5  Finally, Van Tassell claims that he did not retain any of the
6  money he initially received from Cal-Agrex, and that neither Cal-
7  Agrex nor Goodwin paid him the 2 1/2 cents per pound of NFDM he
8  was due.  Id. ¶¶ 15-17.

## III. LEGAL STANDARD

The Court will treat Van Tassell's cross-claim as an action for breach of contract.[2]  California law governs the contract.  See First Order 4 n.3.  "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff."  Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 272 Cal. Rptr. 387, 395 (Ct. App. 1990).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court will grant a motion to dismiss if the plaintiff fails "to

---

[2] Van Tassell never specifies the legal theory under which he believes he is entitled to relief.  However, like Goodwin, the Court cannot discern any possible claim other than breach of contract from the facts alleged.  See Mot. 2 n.4.  The Court therefore will proceed as though Van Tassell brought a contract claim.  If Van Tassell intended to bring a claim other than breach of contract, the Counterclaim is so vague and ambiguous it is impossible to determine what that claim might have been.  The Court would therefore grant Goodwin's alternative request for relief and order Van Tassell to provide a more definite statement of the claim pursuant to Federal Rule of Civil Procedure 12(e).  As discussed below, the outcome would be the same.

3

1  state a claim upon which relief can be granted." Fed. R. Civ. P.
2  12(b)(6).  When evaluating a motion to dismiss, the court accepts
3  the facts as stated by the nonmoving party and draws all
4  inferences in its favor.  See Everest & Jennings, Inc. v. Am.
5  Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994).
6  Furthermore, the court must assume that all general allegations
7  "embrace whatever specific facts might be necessary to support
8  them."  Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521
9  (9th Cir. 1994).  At the pleading stage, the plaintiff "need only
10 show that the facts alleged, if proved, would confer standing upon
11 him."  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140
12 (9th Cir. 2003).  Finally, if the court dismisses a claim under
13 Rule 12(b)(6), "leave to amend should be granted unless the court
14 determines that the allegation of other facts consistent with the
15 challenged pleading could not possibly cure the deficiency."
16 Schreiber Distrib. Co. v. Serv-Well Furniture Corp., 806 F.2d
17 1393, 1401 (9th Cir. 1986).

### IV.  DISCUSSION

Van Tassell has failed to state a claim for breach of contract.  In the Counterclaim, Van Tassell never alleges the existence of a contract between himself and Goodwin, the purported breach of which would be the foundation of his claim.  Van Tassell discusses two contracts: 1) the Agreement to which Cal-Agrex, Goodwin, and Van Tassell are all parties, and 2) an oral contract between himself and Cal-Agrex.  See Counterlcaim ¶¶ 6, 11. Neither provides any basis for a claim against Goodwin for breach.

4

1    Although Cal-Agrex, Goodwin, and Van Tassell are all parties
2    to the Agreement, it is not a contract between Goodwin and Van
3    Tassell.³  For a contract to exist, the parties must reach a
4    mutual agreement that one party will do something in exchange for
5    consideration from the other.  See Cal. Civ. Code §§ 1550, 1595.
6    The Agreement does not appear to create any obligation between
7    Goodwin and Van Tassell.  That is, Goodwin and Van Tassell are
8    both on the same side of the Agreement as sellers, each obligated
9    to deliver NFDM to Cal-Agrex, with Cal-Agrex on the opposite side
10   of the Agreement as the buyer, obligated to deposit money with
11   Goodwin and Van Tassell.  See Agreement.⁴  Van Tassell claims that
12   he was entitled to one quarter of the profits generated by the
13   Agreement.  See Counterclaim ¶ 14.  The Agreement makes no
14   reference to any payment from Goodwin to Van Tassell.  See
15   Agreement.  Nor does the Agreement appear to require either
16   Goodwin or Van Tassell to provide the other with any goods or
17   services.  See id.
18       The second contract Van Tassell alleges in the Counterclaim

---

³When considering a motion to dismiss, the court is generally limited to the allegations in the complaint, without extrinsic evidence.  See, e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).  However, the Agreement was attached to and incorporated into the Complaint, see Amended Complaint ¶ 8, and subsequently incorporated into the Counterclaim.  See Counterclaim ¶ 6.  The Court may therefore consider the Agreement when deciding a motion to dismiss.  See Hal Roach Studios, 896 F.2d at 1555 n.19; Fed. R. Civ. P. 10(c).

⁴For the purposes of resolving this motion, the Court assumes the validity of the Agreement as a contract between Cal-Agrex on the one hand and Van Tassell and Goodwin on the other.  Goodwin may still challenge the validity and construction of the Agreement at a later time.

Case 3:07-cv-00964-SC   Document 44   Filed 09/25/07   Page 6 of 7

1  is an oral agreement between himself and Cal-Agrex. See
2  Counterclaim ¶ 11.  The oral agreement apparently required Van
3  Tassell to purchase 3400 metric tons of NFDM, for which Cal-Agrex
4  was to increase by 2 1/2 cents per pound the price it paid Van
5  Tassell under the Agreement.  Id.  However, this 3400 metric tons
6  of NFDM was in addition to the 10,000 metric tons contracted for
7  in the Agreement.  The oral agreement did not require anything of
8  Goodwin, and did not offer him any consideration.  In short,
9  Goodwin was not a party to the oral agreement, and Van Tassell
10 does not allege the contrary.
11      Van Tassell's Counterclaim references two agreements to which
12 he was a party.  However, neither was a contract between Van
13 Tassell and Goodwin.  Where there is no contract, there can be no
14 breach.  Van Tassell has therefore failed to state a claim on
15 which relief may be granted.  Van Tassell may cure this deficiency
16 by pleading additional facts consistent with those already
17 alleged.

### V.  **CONCLUSION**

Because Van Tassell did not allege a contract between himself and Goodwin, he has not stated a claim for breach of contract. The Court therefore GRANTS Goodwin's motion and DISMISSES Van Tassell's Counterclaim without prejudice. Because the Court recently granted Cal-Agrex leave to amend its complaint, see First Order at 8, the Court now ORDERS as follows:

    1.   If Cal-Agrex files a Second Amended Complaint, Van Tassell may amend his Counterclaim when his response to

6

the Second Amended Complaint is due.

2. If Cal-Agrex does not amend its complaint, Van Tassell may file an amended Counterclaim no later than 30 (thirty) days from the date of this order.

IT IS SO ORDERED.

Dated: September 25, 2007

_____
UNITED STATES DISTRICT JUDGE

7