UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAL-AGREX, Inc., a California Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>DEE VAN TASSELL, JERRY GOODWIN, and DOES 1 through 20, inclusive,<br><br>        Defendants. | No. C-07-0964 SC<br><br>ORDER GRANTING DEFENDANT JERRY GOODWIN'S MOTION TO DISMISS CLAIM TWO OF PLAINTIFF'S SECOND AMENDED COMPLAINT; GRANTING GOODWIN'S MOTION FOR JUDGMENT ON DEE VAN TASSELL'S <u>CROSS-CLAIM</u> |

### I. **INTRODUCTION**

The Court previously struck two claims in Plaintiff Cal-Agrex, Inc.'s ("Plaintiff" or "Cal-Agrex") First Amended Complaint, and dismissed a third without prejudice. See Docket No. 43 ("First MTD Order"). The Court granted Cal-Agrex leave to amend its complaint. Cal-Agrex subsequently filed the Second Amended Complaint. See Docket No. 45.

Defendant Jerry Goodwin ("Goodwin") now moves the Court to dismiss the second claim of the Second Amended Complaint, in which Cal-Agrex alleges a fraudulent promise. See Mot. to Dismiss Claim Two of Pl.'s 2d Am. Compl. ("Motion to Dismiss"), Docket No. 46. Goodwin asserts that the claim as pled fails to meet the requirements of Federal Rules of Civil Procedure 12(b)(6) and 9(b). Cal-Agrex opposed the Motion to Dismiss, and Goodwin replied. See Docket Nos. 50, 51. Having reviewed the parties'

submissions and considered the issue thoroughly, the Court hereby GRANTS Goodwin's Motion to Dismiss and dismisses Cal-Agrex's claim for fraudulent promise with prejudice.

Goodwin also moves the Court for judgment against Defendant Dee Van Tassell ("Van Tassell") on Van Tassell's cross-claim. See Docket No. 49 ("Cross-claim Motion"). The Court previously dismissed the cross-claim, but granted Van Tassell leave to amend. See Docket No. 44 ("Cross-claim Order"). Van Tassell never filed an amended cross-claim, and never opposed Goodwin's Cross-claim Motion. The Court therefore GRANTS Goodwin's Cross-claim Motion and dismisses the cross-claim with prejudice.

## II. **FACTUAL BACKGROUND**

According to the Second Amended Complaint, on December 23, 2004, Cal-Agrex entered into a written agreement to purchase 10,000 metric tons of non-fat dry milk powder ("NFDM") from Goodwin and Dee Van Tassell (together with Goodwin referred to as "Defendants"). See 2d Am. Compl. ¶ 8; Ex. A ("Agreement"). The Agreement required Defendants to ship the first 3,000 metric tons of NFDM in January, 2005. Id. ¶ 9. The Agreement required Cal-Agrex to wire a deposit of $2,000,000 to the account of Van Tassell for the benefit of Van Tassell and Goodwin. Id. ¶ 10.

Between December 24, 2004 and January 13, 2005, Plaintiff initiated a series of wire transfers, depositing a total of $1,000,000 in Van Tassell's account. Id. ¶ 12. Another party deposited an additional $500,000 into Van Tassell's account, apparently for partial-performance of Cal-Agrex's obligations

2

under the Agreement. Id. Plaintiff alleges that when it asked Defendants why it had not received a shipment of NFDM, Defendants acknowledged that they had not sent a shipment yet. Id. ¶ 13. Cal-Agrex further alleges that in a telephone conversation with Van Tassell on January 21, 2005, Van Tassell waived the remaining deposit required by the written agreement until the shipments began. Id. Goodwin allegedly confirmed this waiver of the remaining deposit requirement in a telephone call conversation with Cal-Agrex on January 31, 2005. Id.

Finally, Plaintiff alleges that Defendants have refused to deliver any NFDM. Id. ¶ 14.

Plaintiff's Second Claim alleges Defendants promised to deliver NFDM to Plaintiff and personally guaranteed the return of Plaintiff's deposited funds if they failed to deliver, but that Defendants never intended to perform such promises. See id. ¶¶ 22-29.

**III. DISCUSSION**

    **A.   Motion To Dismiss**

Goodwin asserts two deficiencies in Cal-Agrex's claim for fraud: first, Goodwin argues that Cal-Agrex failed to plead a false promise; second, he argues that Cal-Agrex did not plead the factual allegations of fraud with sufficient particularity.

        1.   Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court will grant a motion to dismiss if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). When evaluating a motion to dismiss, the court accepts the facts as stated by the nonmoving party and draws all inferences in its favor. See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). Furthermore, the court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). At the pleading stage, the plaintiff "need only show that the facts alleged, if proved, would confer standing upon him." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).

The elements of a claim for fraud are "(1) representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; and (5) reliance and resulting damage (causation)." Vega v. Jones, Day, Reavis & Pogue, 17 Cal. Rptr. 3d 26, 32 (Ct. App. 2004).[1]

The only significant changes Cal-Agrex made to the fraudulent promise claim in the Second Amended Complaint were to add the

---

[1] Goodwin suggests a different set of elements in a claim for false promise fraud. Compare Mot. to Dismiss at 7, citing California Civil Jury Instruction (CACI) 1902, with Vega, 17 Cal. Rptr. 2d at 32. The CACI is not binding authority. Although the instructions are intended to be an accurate statement of the law, they do not absolve the courts of their responsibility for interpreting California law. See Cal. Rules of Court, Rule 2.1050(a), (b). Other courts addressing claims for false promise fraud, including those cited by Goodwin and those cited in the notes to CACI 1902, have used the elements recited here. See, e.g., Molko v. Holy Spirit Ass'n, 46 Cal. 3d 1092, 1108 (1988), superseded on unrelated grounds, Aguilar v. Atl. Richfield Co., 25 Cal. 4th 826, 853 n.19 (2001); Lazar v. Super. Ct., 12 Cal. 4th 631, 638 (1996); Engalla v. Permanente Med. Group, 15 Cal. 4th 951, 974 (1997); Conrad v. Bank of Am., 45 Cal. App. 4th 133, 156 (Ct. App. 1996); Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85, 93 (Ct. App. 2001).

4

details of phone calls between Cal-Agrex and Defendants on January 21 and January 31, 2005. Goodwin contends that by adding these dates, Cal-Agrex undermined its fraud claim. Essentially, Goodwin argues that Cal-Agrex has pled a Catch 22: absent the alleged modification of the contract, Cal-Agrex never fulfilled its contractual obligation of a $2,000,000 deposit, so Defendants had no obligation to deliver NFDM, and Cal-Agrex has alleged no basis for concluding that their promise was false. Alternatively, if the contract was modified as alleged, the modifications took place on January 21 and January 31, 2005, weeks after Cal-Agrex transferred a portion of the deposit to Van Tassell, so Cal-Agrex did not do anything in reliance on the modified promise.

Cal-Agrex claims that the Court's First MTD Order forecloses consideration of this issue. The Court disagrees. The Second Amended Complaint is a new pleading, and Goodwin is entitled to challenge it. Cal-Agrex relies on the following portion of the First MTD Order:

> Goodwin asserts that because Cal-Agrex did not deliver the originally agreed-upon deposit of $2,000,000, he has not broken a promise, intentionally or otherwise. . . . This argument has no merit. Cal-Agrex alleges that it performed its contractual obligations in full, <u>as the contract was purportedly modified to reduce the amount of the deposit</u>. None of the factual allegations necessary for Cal-Agrex's claim depends on its performance. If, as Cal-Agrex alleges, Defendants did not intend to deliver NFDM or return any monies deposited at the time the parties entered into the Agreement, Defendants' promises to do so could have been fraudulent regardless of Cal-Agrex's conduct.

First MTD Order at 5-6 (emphasis added). Addressing the

5

heightened pleading requirements of Rule 9(b), the Court again noted the relevance of the alleged waiver:

> The promise to deliver NFDM or return the money, however, was conditioned on Cal-Agrex depositing $2,000,000 with Defendants. Cal-Agrex alleges that after it made a partial deposit, Defendants waived the remainder of the deposit requirement. . . . Plaintiff only says that this waiver occurred in January of 2005. Plaintiff does not specify the date, which of the two Defendants communicated the waiver to Plaintiff, or how they communicated the waiver (<u>i.e.</u>, by telephone, e-mail, etc.). <u>To the extent that Cal-Agrex's claim for fraud relies on its allegation that Defendants waived the deposit requirement</u>, the allegations of that waiver in the First Amended Complaint lack the necessary specificity to satisfy Rule 9(b).

<u>Id.</u> at 7 (emphasis added). Cal-Agrex responded to the Court's concern by adding the dates of two telephone calls. 2d Am. Compl. ¶ 13.

The fraud claim survived the First MTD Order because, if all the allegations were true, it was sufficient. Now, Cal-Agrex has painted itself into a corner. There are two possible promises at issue. The first promise is the original Agreement, pursuant to which Cal-Agrex would deposit $2,000,000 with Van Tassell, and Van Tassell and Goodwin would ship NFDM to Cal-Agrex. The second promise is the modified Agreement, pursuant to which Defendants would ship NFDM to Cal-Agrex without waiting for the full deposit.

The allegations in the Second Amended Complaint are insufficient to support a claim that either promise was fraudulent. With regard to the unmodified promise to deliver NFDM in exchange for $2,000,000, Cal-Agrex fails to allege facts supporting the falsity element of the claim. Because Cal-Agrex

6

admits that it did not deposit the full $2,000,000, there is no factual basis in the Second Amended Complaint for concluding that Defendants failed to keep their promise to deliver NFDM upon receipt of the deposit, or to return the deposit in the event of non-delivery, and therefore no basis for concluding that Defendants' promise was false. With regard to the modified promise, which requires the purported waiver, Cal-Agrex fails to plead reliance. Taking all of the allegations in the Second Amended Complaint as true, Cal-Agrex transferred the first $1,000,000 <u>before</u> Defendants waived the remainder, so Cal-Agrex cannot possibly have relied on that waiver in making the deposit. Either Defendants' promise was not false, or Cal-Agrex did not rely on it. Either way, the claim fails.

Cal-Agrex claims that it relied on the waiver by "refrain[ing] from immediate demand for return of the deposited funds. . . ." 2d Am. Compl. at ¶ 26; Opp'n at 5-6. The Court fails to see how this constitutes reliance. "Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations. . . ." <u>Alliance Mortgage Co. v. Rothwell</u>, 10 Cal. 4th 1226, 1239 (1995). Cal-Agrex does not allege that it did anything which changed the legal relationship between it and Defendants after the waiver. It did not bind itself to new contractual obligations or release Goodwin or Van Tassell from existing obligations. Nor did Cal-Agrex do anything which affected its right to pursue legal action, as it appears to have brought this suit in a timely manner. Even if refraining from an immediate demand for

7

compliance did amount to reliance, Cal-Agrex did not plead any resulting harm from it in the Second Amended Complaint. In its Opposition, Cal-Agrex asserts, without support, that this "was clearly to Cal-Agrex's detriment, as those funds have never been returned." Opp'n at 7. Cal-Agrex deposited its money with Van Tassell before the waiver.[2] None of the facts Cal-Agrex alleges in the Second Amended Complaint suggests reliance on the waiver or additional harm resulting from that reliance. As such, the waiver cannot be the basis for Cal-Agrex's claim for fraud.

### 2. Leave to Amend

The Second Amended Complaint is Cal-Agrex's third unsuccessful attempt to repackage its contract claim as a false promise claim. The Court sees no benefit in further delaying this matter while Cal-Agrex attempts to plead fraud for a fourth time. No additional facts consistent with those alleged in the Second Amended Complaint could rectify the problems described above. As such, the Court dismisses the false promise claim with prejudice and without leave to amend. See Lopez v. Smith, 203 F. 3d. 1122, 1127 (9th Cir. 2000).

### 3. Rule 9(b)

Because the Court has dismissed Cal-Agrex's false promise

---

[2]Cal-Agrex also argues that "Goodwin's suggestion that Cal-Agrex is also required to allege that it relied on the waiver by depositing additional funds is nonsensical. . . ." Opp'n at 7. If, at the time of the waiver, Cal-Agrex thought it was being defrauded, it could have sought to rescind the Agreement and recover the deposited funds. Rather, it chose to seek damages for fraud, which required it to affirm the Agreement. See, e.g., City Bank of San Diego v. Ramage, 266 Cal. App. 2d 570, 586-87 (Ct. App. 1968).

8

1 claim with prejudice, the Court need not reach the question of
2 whether the claim as pled satisfied the heightened pleading
3 requirements of Rule 9(b).

### B. Cross-claim Motion

The Court granted Goodwin's prior motion to dismiss Van Tassell's cross-claim, but allowed Van Tassell leave to amend. Van Tassell has not done so. Goodwin now moves the Court to enter judgment on the cross-claim, or in the alternative, to dismiss the cross-claim with prejudice. Van Tassell did not oppose this motion. The Court is mindful of the need to allow pro se litigants some latitude. However, in filing his original Answer and Counterclaim, Van Tassell has demonstrated his ability to comply with the Court's deadlines and to follow the established procedures. Despite this, Van Tassell has forgone two opportunities to address the deficiencies in the cross-claim. The Court will not extend a third opportunity. The Court therefore grants Goodwin's motion and dismisses the cross-claim with prejudice and without leave to amend. As other claims still remain for resolution either through summary judgment or trial, the Court refrains from entering judgment at this time.

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Goodwin's Motion to Dismiss and Goodwin's Cross-claim Motion and ORDERS as follows:

1. Cal-Agrex's claim for false promise is dismissed with prejudice and without leave to amend.

9

2. Van Tassell's cross-claim against Goodwin is dismissed with prejudice and without leave to amend.

3. The parties shall appear for a status conference on February 22, 2008 at 10:00 a.m. in Courtroom 1.

4. No later than seven days prior to the status conference, the parties shall submit to the Court a Joint Status Statement.

IT IS SO ORDERED.

Dated: January 22, 2008



UNITED STATES DISTRICT JUDGE

10